UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL FLANAGAN,

                           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

20-CV-3041 (LDH)

L SHANN D EARCY HALL, United States District Judge:

For the reasons stated below, Plaintiff's motion for judgment on the pleadings is GRANTED in part and Defendant's motion for judgment on the pleadings is DENIED. The case is remanded for further proceedings before the administrative law judge ("ALJ").

## I.    ALJ's Development of the Record

"[A]n ALJ has an affirmative duty to develop the record, even if the claimant is represented by counsel, if the medical record is ambiguous or incomplete." (first citing *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999); and then citing *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)). Where, as here, a claimant's medical record is inadequate, "it is 'the ALJ's duty to seek additional information from the [treating physician].'" *Andretta v. Berryhill*, No. 18-CV-3012, 2020 WL 2523044, at *3 (E.D.N.Y. May 18, 2020) (quoting *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)).

In contravention of this duty, the ALJ failed to develop documentary evidence supporting the opinion of Plaintiff's treating physician, Dr. Janice Culley. Specifically, the ALJ failed to develop records regarding: (1) Plaintiff's number of visits and frequency of visits; (2) the extent of Dr. Culley's examination of Plaintiff; (3) notes detailing the specific treatment provided to

1

Plaintiff; (4) clinical findings or testing performed on Plaintiff; and (5) objective clinical findings supported by specific examinations of Plaintiff.  (*See* Administrative Transcript ("Tr.") 619–620.)

Defendant argues that Judge Amon's February 13, 2019 order found the record sufficiently developed "on identical facts."  (Def.'s Mem. L. Supp. Mot. J. Plead. ("Def.'s Mem.") 15–16, ECF No. 10-1.)  Not so.  Judge Amon remanded this matter because the ALJ previously did not undergo a sufficient analysis to determine what weight to give Dr. Culley's opinion.  (*See* Tr. 704. ("Specifically, the ALJ failed to consider the frequency, length, nature, and extent of the treatment relationship; the medical evidence supporting the opinion; and whether the treating physician is a specialist.") (citations omitted).)  In properly evaluating how much weight Dr. Culley's opinion should receive under the relevant factors provided for in 20 CFR 404.1527, the ALJ identified gaps in the record that were not apparent before Judge Amon.  (*See* Tr. 620.)

Accordingly, the Commissioner's decision is remanded for further proceedings.  On remand, the ALJ should reevaluate the opinion of Dr. Culley after developing the record as specified above.

## CONCLUSION

Pursuant to 42 U.S.C. § 405(g), the Commissioner's decision is remanded for further proceedings and additional findings consistent with this Order.  The Clerk of Court is respectfully requested to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York  
      August 25, 2021

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge